**BILEK et v BROZ Exr etc**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 10066. Decided May 27, 1929

Payer, Minshall, Karch & Kerr, Cleveland, for Bilek.

George Palda, Cleveland, for Broz.

**PER CURIAM**

The only basis upon which the defendants can assert title is the original journal entry which granted to them specific performance of the lease on the premises embraced in this action; but this decree granting specific performance was conditional. None of these conditions set forth in the decree were ever complied with and for that reason we are of the opinion that the decree for specific performance never became effective, nor did it invest the defendants with any title or interest in the premises. It is not a sufficient answer on the part of defendants to say that the plaintiffs declared, after the decree for specific performance was granted to defendants, that he would not comply with the terms of the lease, and because of that, tender of performance is unnecessary on the part of defendants. This is true only in cases of contracts for the sale or lease of real estate for a term of years wherein specific performance is sought. In such cases equity does not require a vain act and no tender of performance is necesary on the part of parties seeking specific performance, if it appears that such tender would be a vain act in view of the declaration of the other party that he would upon no circumstances accept such tender or perform his part. This case, however, is far different. The defendants rely upon a journal entry to support their claim that they have an interest by way of lease in the land. Without their journal entry the defendants could lay no claim whatsoever to any interest in the land. We must look to the journal entry alone. It is conditional in its nature and it appearing that five years have elapsed without compliance with these conditions on the part of defendants, the conditional journal entry which appears of record remains as a cloud upon the title of the plaintiff, and in our opinion should be removed.

A decree therefore will be ordered accordingly, quieting title in the plaintiff. A journal entry will be drawn accordingly.

Vickery, PJ, Levine and Sullivan, JJ, concur.